1  Ronald A. McIntire, Bar No. 127407
   PERKINS COIE LLP
2  1620 26th Street
   Sixth Floor, South Tower
3  Santa Monica, CA  90404-4013
   Telephone:  310.788.9900
4  Facsimile:  310.788.3399

5  Keith Gerrard (admitted pro hac vice)
   Richard Coyle (admitted pro hac vice)
6  Brendan Murphy (admitted pro hac vice)
   PERKINS COIE LLP
7  1201 Third Avenue, Suite 4800
   Seattle, WA  98101-3099
8  Telephone:  206.359.8000
   Facsimile:  206.359.9000

9
   Attorneys for Defendants
10 Turbomeca S.A. and Turbomeca USA, Inc.

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14 OLD REPUBLIC INSURANCE                  Case No. 2:07:CV-1398 WBS DAD
   COMPANY,                                [Consolidated Master Case Number]
15
                          Plaintiff,       **STIPULATED PROTECTIVE ORDER RE**
16                                         **CONFIDENTIAL INFORMATION**
              v.
17                                         [FRCP 26(c); L.R. 83-143]
   TURBOMECA S.A. and TURBOMECA
   USA,
18
                          Defendants.
19 COUNTY OF SACRAMENTO,

                          Plaintiff,
20
              v.
21
   TURBOMECA S.A., a French
22 Corporation; LA SOCIETE ANONYME
   TURBOMECA FRANCE, a French
23 Corporation; TURBOMECA USA, a Texas
   Corporation; TURBOMECA ENGINE
24 CORPORATION, a Texas Corporation,
   and Does 1 through 50,
25
                          Defendants.
26

27      Plaintiffs County of Sacramento and Old Republic Insurance Company and defendants

28 Turbomeca S.A. (f/k/a La Societe Anonyme Turbomeca France) and Turbomeca USA, Inc. (f/k/a

   STIPULATED PROTECTIVE ORDER                 1

Turbomeca Engine Corporation) hereby stipulate, in accordance with Federal Rule of Civil Procedure 26(c), to the following Protective Order for the purpose of governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, medical, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION").

1.    **Initial Designation**.

1.1    **Good Faith Claims.**  Claims of confidentiality will be made only with respect to documents, other tangible things, and information that the asserting party has a good faith belief is legally entitled to protection from discovery and disclosure under the Federal Rules of Civil Procedure and applicable case law.  Objections to such claims made pursuant to paragraph 3 shall also be made in good faith.

1.2    **Produced Documents.**  A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label that identifies them as CONFIDENTIAL INFORMATION.  No particular form of label is required so long as it indicates that the document contains CONFIDENTIAL INFORMATION.  The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents" includes all writings, other media on which information is recorded, and other tangible things subject to production under the Federal Rules of Civil Procedure or federal law.

1.3    **Interrogatory Answers.**  If a party answering an interrogatory believes that its answer contains CONFIDENTIAL INFORMATION, it shall set forth that answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph l.2.  The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.

1.4    **Inspections of Documents.**  If a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL

1   INFORMATION needs to be made in advance of the inspection.  For purposes of such

2   inspection, all material produced shall be treated as CONFIDENTIAL INFORMATION.  If the

3   inspecting party selects specified documents to be copied, the producing party shall designate

4   CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies

5   are produced.

6      **1.5**      **Deposition Transcripts**.  Within twenty-one days after the receipt of a deposition

7   transcript, a party may inform the other parties to the action of the portions of the transcript that it

8   wishes to designate as CONFIDENTIAL INFORMATION.  All parties in possession of a copy of

9   a designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL

10  INFORMATION.

11     **1.6**      **Multi-page Documents**.  A party may designate all pages of an integrated, multi-

12  page document, including a deposition transcript and interrogatory answers, as CONFIDENTIAL

13  INFORMATION by placing the label specified in subparagraph 1.2 on the first page of the

14  document.  If a party wishes to designate only certain portions of an integrated, multi-page

15  document as CONFIDENTIAL INFORMATION, it should designate such portions immediately

16  below the label on the first page of the document and place the label specified in subparagraph

17  1.2 on each page of the document containing CONFIDENTIAL INFORMATION.

18     **1.7**      **List**.  The designating party shall prepare, periodically update, and provide to

19  counsel upon request a listing of all designated CONFIDENTIAL INFORMATION.

20     **2.**      **Designations by Another Party**.  If a party other than the producing party

21  believes that a producing party has produced a document that contains or constitutes

22  CONFIDENTIAL INFORMATION of such other party, it may designate the document as

23  CONFIDENTIAL INFORMATION by so notifying all parties in writing within fourteen days of

24  its receipt of the document.

25     **3.**      **Objections to Designations.**

26     **3.1**      **Generally.**  Any party objecting to an initial designation of CONFIDENTIAL

27  INFORMATION, including objection to portions of designations of multi-page documents, shall

28  notify the designating party within sixty (60) days of the receipt of the designation or within thirty

days of entry of this order, whichever comes later.  The objecting and the designating parties shall promptly confer in an attempt to resolve their differences.  If they are unable to resolve their differences, the designating party, if it wishes to maintain the designation, shall have thirty (30) days from the service of the objection to file with the Court a motion to maintain the CONFIDENTIAL INFORMATION designation.  During the pendency of such motion, all parties shall treat the material that is the subject of the motion as CONFIDENTIAL INFORMATION until the Court rules on the motion.

      **3.2**    <u>**Near Trial.**</u>  As necessary, the Court may consider and issue at a later date a further Order to deal with designations received near the date of trial.

      **4.**    <u>**Custody.**</u>  All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 5.1. Paragraph 11 addresses in more detail the handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

      **5.**    <u>**Handling Prior to Trial**</u>.

      **5.1**    <u>**Authorized Disclosures.**</u>  CONFIDENTIAL INFORMATION may be disclosed by the receiving party only to its employees who are authorized to assist in the litigation; to its counsel (including employees of its counsel); to the Court (subject to the procedures stated below); to qualified persons taking testimony involving such information; and to the party's expert witnesses and consultants.  However, a party may disclose CONFIDENTIAL INFORMATION to its expert witnesses and consultants only after obtaining the person's express written acknowledgement to be bound by this Protective Order on the form prescribed in Appendix A or, with respect to material provided prior to the entry of this order, after obtaining the person's assurance that he will treat the material in the manner to be prescribed by this order.  Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend this litigation.

      **5.2**    <u>**Unauthorized Disclosures.**</u>  If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person

responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

   **5.3**   **Court Filings.**  If any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in accordance with Local Rules 39-140 and 39-141.  This provision applies to briefs, memoranda, and other filings that quote, summarize, or describe CONFIDENTIAL INFORMATION.

   **6.**   **Handling During Trial.**  CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court upon application by any party.

   **7.**   **No Implied Waivers.**  The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

   **8.**   **Inadvertent Production.**  Inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall not constitute a waiver of privilege, and any such document (including all copies) shall be returned to the producing party immediately upon its request.

   **9.**   **Parties' Own Documents.**  Except as provided in paragraph 2, this Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

STIPULATED PROTECTIVE ORDER
24839-0159/LEGAL15131065.1

1    **10.    Prohibition on Use Outside this Litigation**.  CONFIDENTIAL INFORMATION

2    shall not be used for any purpose in any litigation other than this case.

3    **11.    Handling Upon Conclusion of Litigation**.  Within 90 days of the conclusion of

4    this litigation, all parties and counsel to this litigation and all persons to whom disclosure was

5    made shall return all CONFIDENTIAL INFORMATION to the party that produced it, including

6    copies and extracts of CONFIDENTIAL INFORMATION.  In lieu of returning

7    CONFIDENTIAL INFORMATION, the person or party in possession of such CONFIDENTIAL

8    INFORMATION may destroy it, but must so notify counsel for the producing party.  The

9    attorney for the receiving party shall collect, assemble, and return (or destroy) all

10   CONFIDENTIAL INFORMATION.  If requested by the producing party, the attorney for the

11   receiving party shall certify in writing that all such CONFIDENTIAL INFORMATION has been

12   destroyed.

13   **12.    Further Protection.**  Nothing in this Protective Order precludes any party from

14   seeking and obtaining from the Court a further protective order for any documents or information

15   that the party believes may not be sufficiently protected by this or other protective orders.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

1   **THE PROVISIONS OF THE FOREGOING STIPULATED AND AGREED TO:**

2

3   DATED:   January 7            , 2009          **PERKINS COIE** LLP

4
                                                  By:   /s/ Ronald McIntire
5                                                       Ronald A. McIntire

6                                                 Attorneys for Defendants
                                                  Turbomeca S.A. and Turbomeca USA, Inc.
7

8   DATED:   January 7          , 2009            **LENAHAN, LEE**
                                                  **SLATER & PEARSE, LLP**
9

10                                                By:   /s/ Charleton Pearse per email approval
                                                        Charleton S. Pearse
11
                                                  Attorneys for Plaintiff
12                                                County of Sacramento

13

14  DATED:   January 7          , 2009            **REID, AXELROD, MCCORMACK,**
                                                  **GRIFFIS & RUANE**
15

16                                                By:   /s/ Donald Honigman per email approval
                                                        Donald Honigman
17
                                                  Attorneys for Plaintiff
18                                                Old Republic Insurance Company

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
24839-0159/LEGAL15131065.1                        -7-

1

**ORDER**

2

3

Upon good cause shown, the Court orders that all documents and testimony designated

CONFIDENTIAL INFORMATION are to be protected under the terms of this Protective Order.

4

5

DATED:  January 7, 2009.

6

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7

8

Ddad1/orders.civil/oldrepublic1398.protectord

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
24839-0159/LEGAL15131065.1

-8-

# APPENDIX A

## <u>AGREEMENT OF CONFIDENTIALITY</u>

I have read and am familiar with the Protective Order in the case entitled *Old Republic Insurance Company, et al.*, *v. Turbomeca S.A., et al.*, Case No. 2:07:CV-1398 WBS DAD, pending in the United States District Court for the Eastern District of California.  I hereby agree to abide and be bound by all of the terms of that Order and not to use or disclose any CONFIDENTIAL INFORMATION except in accordance with the terms of the Order.

I also agree to deliver to the counsel of record who has consulted or engaged me for this action, not later than fourteen days after I am notified of the termination of this litigation, all documents in my possession or under my control designated CONFIDENTIAL INFORMATION, along with all copies thereof and all extracts and summaries of the matters contained therein.

DATED: _____     SIGNED: _____

Print Name: _____

Address: _____

_____

_____

Telephone Number:_____

Name of Person from whom CONFIDENTIAL

INFORMATION is Received: _____

STIPULATED PROTECTIVE ORDER                    -9-
24839-0159/LEGAL15131065.1